Filed 2/28/24  P. v. Avila CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>MARVIN AVILA,<br><br>Defendant and Appellant. | B328330<br><br>(Los Angeles County<br>Super. Ct. No. TA122217) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Pat Connolly, Judge.  Dismissed.

Richard B. Lennon, under appointment by the Court of Appeal, and Marvin Avila, in pro. per., for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

## INTRODUCTION

In 2013, defendant Marvin Avila pled no contest to two counts of robbery (Pen. Code, § 211).[1]  He admitted to two firearm use allegations (§ 12022.53, subd. (b))[2] and a gang allegation (§ 186.22, subd. (b)(1)(c)), as well as two prior prison terms (§ 667.5, subd. (b)).  The trial court sentenced Avila to 29 years, 4 months in state prison.

Effective January 1, 2022, section 1172.75 rendered legally invalid all section 667.5, subdivision (b) enhancements not imposed for prior convictions for sexually violent offenses.  Section 1172.75 also established a procedure to ensure resentencing of all individuals subject to invalidated enhancements.  Under this procedure, the Department of Corrections and Rehabilitation (CDCR) is obligated to identify eligible inmates, and the superior court is obligated to resentence them.  Notwithstanding the statutory procedure, Avila filed a petition in the superior court, seeking resentencing under section 1172.75 and various other statutory provisions.  The superior court denied the petition.

Avila appeals from the court's denial order.  His appointed counsel filed a brief that summarized the procedural history with citations to the record, raised no issues, and asked this court to independently review the record pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*).  Avila filed a supplemental brief.

---

[1]  All further statutory references are to the Penal Code unless otherwise stated.

[2]  We note that the minute order states one of the firearm enhancements was imposed under section 12022.5.  However, the abstract of judgment states both firearm enhancements were imposed under section 12022.53, subdivision (b).  There is no reporter's transcript available, and no indication in the record on appeal that this discrepancy was clarified by the trial court.

2

We dismiss the appeal.  Generally, once judgment in a criminal case is rendered and execution of a sentence begins, trial courts lack jurisdiction to vacate or modify a sentence.  (*People v. King* (2022) 77 Cal.App.5th 629, 634 (*King*).)  None of the contentions in Avila's supplemental brief alters this conclusion or entitles him to relief.

## DISCUSSION

I.   *Recent Changes in the Law*

Because Avila's petition for resentencing involves several recent legislative enactments, we provide the procedural backdrop for ease of reference.

A. *Senate Bill No. 620*

In 2017, the Legislature enacted Senate Bill No. 620 (2017–2018 Reg. Sess.) (SB 620).  SB 620 amended sections 12022.5 and 12022.53 to give the superior court discretion to strike or dismiss firearm enhancements imposed under those sections in the interest of justice.  (Stats. 2017, ch. 682, §§ 1 & 2; §§ 12022.5, subd. (c), 12022.53, subd. (h); see *People v. Baltazar* (2020) 57 Cal.App.5th 334, 337.)  "[T]he authority to strike or dismiss a firearm enhancement applies only to nonfinal judgments or to final judgments where the defendant is being resentenced under some other law." (*Baltazar, supra*, at p. 341.)

B. *Senate Bill No. 136*

Effective January 1, 2020, Senate Bill No. 136 (2018-2019 Reg. Sess.) (SB 136) amended section 667.5, subdivision (b) regarding prior prison term enhancements.  (See Stats. 2019, ch. 590.)  Former section 667.5, subdivision

3

(b) imposed an additional one-year term for each prior separate prison term or county jail felony term, except under specified circumstances.  However, as amended by SB 136, section 667.5, subdivision (b) now imposes an additional one-year term only for prior prison terms served for convictions of sexually violent offenses.  (See § 667.5, subd. (b).)  SB 136 rendered prior prison term enhancements imposed for non-sexually violent offenses legally invalid, but applied retroactively only to cases not yet final on January 1, 2020.  (*People v. Burgess* (2022) 86 Cal.App.5th 375, 380 (*Burgess*).)

C. *Senate Bill No. 483*

In 2021, the Legislature enacted Senate Bill No. 483 (2021-2022 Reg. Sess.) (SB 483).  This bill made the changes implemented by SB 136 retroactive.  (Stats. 2021, ch. 728, § 1 ["it is the intent of the Legislature to retroactively apply . . . Senate Bill 136 of the 2019-20 Regular Session to all persons currently serving a term of incarceration in jail or prison for these repealed sentence enhancements"].)  SB 483 took effect on January 1, 2022, and added former section 1171.1, now section 1172.75, to the Penal Code. (Stats. 2021, ch. 728, § 3; Stats. 2022, ch. 58, § 12.)

Section 1172.75 provides, "Any sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of Section 667.5, except for any enhancement imposed for a prior conviction for a sexually violent offense as defined in subdivision (b) of Section 6600 of the Welfare and Institutions Code is legally invalid."  (§ 1172.75, subd. (a).)  "The statute further establishes a mechanism to provide affected defendants a remedy for those legally invalid enhancements."  (*Burgess, supra*, 86 Cal.App.5th at p. 380.)  That mechanism is section 1172.75, subdivision (b), which requires the CDCR to identify all persons in custody to whom the

4

provision applies and provide their information to the courts that sentenced them "[b]y March 1, 2022, for individuals who have served their base term and any other enhancements and are currently serving a sentence based on the enhancement," and "[b]y July 1, 2022, for all other individuals." (§ 1172.75, subds. (b)(1) & (b)(2).)  For purposes of the statute, "all other enhancements shall be considered to have been served first."  (§ 1172.75, subd. (b)(1).)  Sentencing courts are required to resentence persons in the March 1, 2022 group by October 1, 2022, and the July 1, 2022 group by December 31, 2023.  (§ 1172.75, subds. (c)(1) & (c)(2).)

D. *Assembly Bill No. 1540*

Prior to January 1, 2022, "[f]ormer section 1170 [, subdivision] (d)(1) authorized a trial court, at any time upon the recommendation of the Secretary [of the CDCR], to 'recall the sentence and commitment previously ordered and resentence the defendant in the same manner as if they had not previously been sentenced, provided the new sentence, if any, is no greater than the initial sentence.'"  (*People v. McMurray* (2022) 76 Cal.App.5th 1035, 1040.)  Assembly Bill No. 1540 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 719, §§ 1-7) (AB 1540) moved the recall and resentencing provisions from section 1170, subdivision (d)(1) to former section 1170.03, which has since been renumbered without substantive change as section 1172.1.  (See Stats. 2022, ch. 58, § 9.)

Section 1172.1 retained the recall and resentencing language of section 1170, subdivision (d)(1).  It also added several requirements to the superior court's consideration of a recall and resentencing recommendation made by CDCR or other entities, not a defendant himself or herself.  (See § 1172.1, subd. (a)(1).)  These include appointing counsel for the defendant and holding

a status conference within 30 days of the resentencing request. (§ 1172.1. subd. (b)(1).)

E. *Assembly Bill No. 333*

Effective on January 1, 2022, Assembly Bill No. 333 (2021-2022 Reg. Sess.) amended section 186.22, by, among other things, modifying the definitions of "pattern of criminal activity" and "criminal street gang," as well as clarifying what is required to establish that an offense "benefit[s], promote[s], further[s], or assist[s]" a criminal street gang. (Stats. 2021, ch. 699, § 3.) Assembly Bill No. 333 is retroactive to nonfinal judgments. (*People v. Lopez* (2021) 73 Cal.App.5th 327, 343–344.)

II.     *Analysis*

We conclude this court lacks jurisdiction over this appeal because Avila's resentencing petition is not an appealable order.

Section 1237, subdivision (b) makes post-judgment orders affecting a criminal defendant's substantial rights appealable. (§ 1237, subd. (b).) However, post-judgment orders denying motions to vacate or modify a sentence generally are not appealable under this statutory section.

"The general rule is that 'once a judgment is rendered and execution of the sentence has begun, the trial court does not have jurisdiction to vacate or modify the sentence.' [Citations.]" (*King, supra*, 77 Cal.App.5th at p. 634.) When the superior court does not have jurisdiction to rule on a motion to vacate or modify a sentence, an order denying such a motion cannot affect the defendant's substantial rights. (*Id.* at p. 639.) The unauthorized sentence doctrine does not provide a jurisdictional loophole "for a trial court to rule on an incarcerated defendant's motion to correct an alleged illegal sentence after

6

the conviction is final and after the execution of the sentence has begun." (*Id.* at pp. 641–642.)

There are limited exceptions to this general rule. For instance, the superior court retains jurisdiction to resentence a defendant where "specific statutory avenues" authorize defendants to seek resentencing. (*King, supra*, 77 Cal.App.5th at p. 637.) Although it provides a procedure for resentencing, section 1172.75 does not authorize a defendant to initiate a request for resentencing via motion or other means. "[A]ny review and verification by the court in advance of resentencing is only triggered by receipt of the necessary information from the CDCR Secretary or a county correctional administrator, not by any individual defendant." (*Burgess, supra*, 86 Cal.App.5th at p. 384.) The same is true of section 1172.1, which permits recall and resentencing only at the request of CDCR and other entities. (See § 1172.1, subd. (a)(1).) The superior court accordingly lacked jurisdiction over Avila's petition for resentencing, and we lack jurisdiction to hear the appeal from the denial of that motion.

We note that once the statutory prerequisites have been complied with and the pertinent information is received from the CDCR, Avila may, and likely will, be entitled to have his sentence recalled and be resentenced pursuant to section 1172.75. At that time, he may be entitled to resentencing, and to the striking of one or more of the enhancements he challenges.[3] However, Avila is not entitled to initiate the section 1172.75 process and recall his sentence on his own motion, in advance of the process

---

[3] In his supplemental brief, we note that Avila includes a letter from appellate counsel, dated July 13, 2023, stating that Avila had been "placed on the CDCR list distributed to the Superior Court as mandated by Senate Bill 483. Thus, based on the CDCR referral, he was and is entitled to have his case set for a resentencing hearing. (Pen. Code, § 1172.1.)"

7

contemplated by statute.  (See *Burgess, supra*, 86 Cal.App.5th at p. 384.) Without a statutory or other avenue to recall the sentence, the superior court lacked jurisdiction to hear Avila's motion, and we lack jurisdiction to hear the appeal.

## DISPOSITION

The appeal is dismissed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


ZUKIN, J.

WE CONCUR:


COLLINS, Acting P. J.


MORI, J.